**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEN GALE,

    Plaintiff,

vs.                                                  Case No.:

CITIMORTGAGE, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL OF ACTION

Pursuant to Sections 1441(a) and 1331 of Title 28 of the United States Code, Defendant, ARS NATIONAL SERVICES INC., hereby removes the action captioned: *Len Gale v. Citimortgage, Inc.,* In the Circuit Court for Manatee County, Florida, Case No. 2016-CA-000089AX (the "Action"), to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

1. On January 7, 2016, Plaintiff filed his Complaint in the Action. The Defendant first received notice of the Action on January 14, 2016.

2. The Defendant has timely filed this Notice of Removal within thirty days of receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

3. The Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) which states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. This Court has original subject matter jurisdiction of the Action pursuant to 28 U.S.C § 1331 based upon federal questions cited in the Plaintiff's Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *See Complaint, ¶ 1 and 2.*

5. This Court is the proper district court for removal because the Manatee County Court is located within the Middle District of Florida, Tampa Division.

6. A true and correct copy of all pleadings, process, and orders received by the Defendant or otherwise filed in the Action is attached as Composite Exhibit "A". The Defendant is simultaneously filing a copy of this Notice of Removal in the state court Action.

7. By virtue of this Notice of Removal, the Defendant does not waive their right to assert any personal jurisdictional claim or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure. Pursuant to Federal Rules of Civil Procedure 81(c) and 6, the Defendant will file a response to the Complaint within the time proscribed by said rules or in accord with any extensions granted.

Dated: February 2, 2016

Louis M. Ursini, III, Esq.
Florida Bar No.: 00355940
Email: louis.ursini@arlaw.com
Email: katie.takas@arlaw.com
LEAD ATTORNEY
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Ste. 4000
Tampa, FL 33602
Telephone: 813-402-2880
Fax: 813-402-2887
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2016, a true and correct copy of the foregoing is being served on all counsel of record listed below via electronic mail:

Gregg Horowitz, Esq.
P.O. Box 2927
Sarasota, FL  34230
gregg.horowitz@verizon.net

                                              Louis M. Ursini, III, Esq.
                                              Florida Bar No.:  00355940

Filing # 36265775 E-Filed 01/07/2016 11:59:33 AM

CIRCUIT COURT FOR MANATEE COUNTY, FLORIDA

LEN GALE,

    Plaintiff,

vs.                               Case No.: 2016 CA 89

CITIMORTGAGE, INC.,

    Defendant.

Served Date 1-14-16   Time 11:10 AM
Server
I.D. #

SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this action on defendant CITIMORTGAGE, INC., c/o its registered agent, CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

    Each defendant is required to serve written defenses to the complaint or petition on Gregg Horowitz, plaintiff's attorney, whose address is P.O. Box 2927, Sarasota, Florida 34230, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**CLERK OF THE CIRCUIT COURT**    DATED on January **8th**, 2016.

Angelina Colonneso,
As Clerk of the Court

By: _____    (SEAL)
    As Deputy Clerk

EXHIBIT Composite A

In and for Manatee County:

SS # 168967

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 747-1628 or www.legalaidofmanasota.org. If you do not qualify for free legal assistance or do not know an attorney, you may email an attorney referral service (listed in the phone book) or contact the Florida Bar Lawyer Referral Service at (800) 342-8011.

E-Filed with MCCC - 2016CA000089AX- 1/7/2016 11:59 AM - PG 1 of 1

Filing # 30708152 E-Filed 08/11/2015 10:39:44 AM

CIRCUIT COURT FOR MANATEE COUNTY, FLORIDA

CITIMORTGAGE INC,

    Plaintiff,

vs.                            Case No.: 2009CA12947

LEN GALITZKY A/K/A LEN GALE,
ET AL.,

    Defendants.
_____/

### AMENDED NOTICE OF APPEARANCE

COMES NOW, the Defendant, LEN GALITZKY A/K/A LEN GALE, by and through the undersigned counsel and files this Notice of Appearance on behalf of the Defendant. All future correspondence, pleadings or other matters pertaining to the foreclosure suit and the alleged debt must be directed to the undersigned on behalf of said Defendant. This notice of appearance shall be construed as formal notice that your client, their servicer or any agent of your client cease and desist any and all further contact regarding this matter, to include but not limited to phone contact, written letters or any other means of contact whatsoever. All inquiries into this matter must be directed to this office only. Please be advised that if any further direct contact is made with my clients, we will be seeking all damages pursuant to Florida Statutes §559.72, Florida Statute §559.77 and the Fair Debt Collection Practices

Act 15 U.S.C. §1692, et seq. as amended. Please provide full and complete disclosure of this to your client.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been emailed to Michael Brown, Phelan Hallinan Diamond and Jones, PLLC, 2727 W. Cypress Creek Rd., Ft. Lauderdale, FL 33309, FL.Service@PhelanHallinan.com; Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602-5250 heather.fesnak@akerman.com, marykay.siegel@akerman.com; william.heller@akerman.com; lorraine.corsaro@akerman.com; on August 11, 2015.

/s/Gregg Horowitz
_____
Gregg Horowitz
P.O. Box 2927
Sarasota, Florida 34230
Florida Bar No.: 0802867
(941) 365-2094
gregg.horowitz@verizon.net

# SETTLEMENT AGREEMENT
# AND
# RELEASE OF CLAIMS

1. **PARTIES** -- This Settlement Agreement and Release of Claims is made on this ____ day of September 2015 (the "Agreement") by LEN GALITZKY A/K/A LEN GALE ("Borrower"); LGC LLC, a Florida limited liability company, as Trustee of the LAND TRUST 818 dated June 8, 2004 ("Property Owner") (hereinafter collectively "Claimant") and CITIMORTGAGE, INC. ("CMI"), (collectively the "Parties") for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of a dispute between the Parties.

2. **RECITALS** -- This Agreement is entered into with reference to the following facts:

    A.   On November 26, 2003, Borrower executed and delivered a Promissory Note in the original principal amount of $93,500.00 in favor of E-LOAN, INC., a Delaware corporation ("Note"), and a Mortgage securing payment of the aforesaid Note, which was recorded on December 3, 2003 in Official Records Book 1884, Page 6048 of the Public Records of Manatee County, Florida ("Mortgage"), and which mortgaged the property located at 818 58th Avenue Drive East, Bradenton, FL 34203 ("Property"), then owned by and in possession of claimant. The Note and Mortgage were later assigned to CMI on October 15, 2009 by an assignment of mortgage recorded in Official Records Book 2317, Page 504 of the Public Records of Manatee County, Florida.

    B.   On or about November 1, 2008 the Claimant ceased making payments owed pursuant to the above described Note and Mortgage.

    C.   On or about December 17, 2009, CMI filed a foreclosure lawsuit in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, against the Claimant, under Case No. 2009-CA-012947 ("the Action").

    D.   The Claimant has asserted defenses to CMI's complaint in the Action.

    E.   Collectively, any and all claims, representations of facts, allegations and/or defenses constitute the "Dispute."

    F.   The Parties, without in any way conceding fault or the validity or sufficiency of any claim or contention of any or all the Parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences related to the Dispute.

    G.   Whereas this Agreement reflects a compromise and settlement of the Parties' claims without concession of fault on the part of either party or concession by either party of the validity of any of the settled claims, neither party shall be deemed to have prevailed in regard to those claims or to have been a prevailing party.

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

3. **AGREEMENTS, RELEASES, AND PROMISES** -- In consideration of the facts, acknowledgements, agreements, general release and promises contained in this Agreement, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

A. Claimant agrees to consent to immediate entry of final judgment of foreclosure in the Action. The form of the Final Judgment of Foreclosure is attached hereto and incorporated herein as **Exhibit "A"**.

B. CMI agrees to waive its right to pursue a deficiency judgment against the Claimant should the proceeds from the foreclosure sale of the property in the action be a sum less than the final judgment of foreclosure amount.

C. CMI agrees to extend the foreclosure sale for One Hundred (120) days from the date the Final Judgment of Foreclosure is entered.

D. CMI agrees to pay $5,000 to Claimant in care of Claimant's counsel, the Law Offices of Gregg Horowitz, P.A., upon completion of the final action of the below events:

  (1) Receipt by CMI of complete, accurate, and current, IRS W-9 forms for both Claimant and Claimant's counsel.
  (2) Claimant vacating and leaving the Property in broom swept condition.
  (3) Completion of an inspection of the Property by CMI to ensure compliance with event (2).

E. Unless required otherwise by law or regulation, both parties agree not to seek to postpone, cancel or in any way delay the sale date or the issuance of the Certificate of Title.

F. Claimant agrees to immediately withdraw all defenses asserted in the action.

G. Claimant hereby agrees that the subject property will be left intact and in broom swept condition and to vacate upon issuance of Certificate of Title following the foreclosure sale.

H. Claimant hereby agrees to bear her own fees and costs.

I. CMI agrees to surrender the original, blank indorsed note, to the court at the time the final judgment of foreclosure is entered.

J. The Claimant agrees to release and forever discharge CMI from any and all state or federal claims, demands or causes of action asserted, existing or claimed against either or all of them by reason of, arising from or related to the Dispute, which may exist from the beginning of time to the date of this Agreement.

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

K.   The Claimant further releases and forever discharges CMI and each of its parents, subsidiaries, affiliates, officers, directors, shareholders, partners, attorneys, trustees, affiliates, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through or in any way on behalf of CMI of and from any and all claims, debts, defenses, liabilities, costs, attorney's fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Claimant may now have or claim to have against CMI, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with the Dispute, and any claim, cause of action, damages, promises or demands which could have been asserted in the Dispute, which may exist from the beginning of time to the date of this Agreement; and the Parties further covenant and agree that this Agreement may be pleaded or asserted by or on behalf of CMI and/or as a defense and complete bar to any action or claim that may be brought against or involving CMI by anyone acting or purporting to act on behalf of the Claimant with respect to any of the matters within the scope of this Agreement excepting only the obligations of the Parties under this Agreement. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the Dispute.

L.   This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the Dispute between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other party.

M.   It is expressly understood by the Parties that the claimant shall bear her own costs in connection with the Dispute and this Agreement, and the claimant waives and releases any claims he otherwise have or may have had to such costs and attorney's fees.

N.   This Agreement is entered into in the State of Florida and the Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the State of Florida.

O.   This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

P.   If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

breach hereof in additional to any other relief which that Party or Parties may be entitled to by law.

Q.  The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts;

R.  The specific terms of this Agreement will be kept confidential and the Parties and their counsel agree not to disclose or publish the terms, conditions or covenants referred to in this Agreement, except as follows:

   i.  As is required to comply with any applicable rules, statutes or regulations of any governmental agency; or

   ii. As may be reasonably necessary to conduct any litigation arising out of or concerning this Agreement.

S.  This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

T.  Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter. In the event that such representation is false, and any such claim or matter is asserted against either Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted, and its successors from and against such claim or matter.

U.  The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

V.  This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein above.

W.  This Agreement shall be binding on and shall inure to the benefit of the Parties

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

    X.    This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

    Y.    There is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

    Z.    This Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed on the last day set forth below.

CITIMORTGAGE, INC.

By: _____
Title: _____
Andrew J. Biggio II
Vice President

Dated: September 28th, 2015

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

BORROWER:

_____
LEN GALITZKY A/K/A LEN GALE

Dated: __9/22__, 2015

LGC LLC, a Florida limited liability company,
Trustee of the LAND TRUST 818 dated June 8,
2004

_____
By: Len Gale, Managing Member

Dated: __9/22__, 2015

CITIMORTGAGE V. LEN GALITZKY, ET AL.
PH 66481

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Preceding the date of this Addendum, CitiMortgage, Inc. has taken possession and the upkeep of the subject property at 818 58th Avenue Drive East, Bradenton, FL 34203 on June 17, 2015. Upon receipt of the agreed funds in the amount of $5,000, to be paid on or before November 16, 2015, the undersigned Borrower hereby assigns the beneficial interest in the property to CitiMortgage pending the scheduled foreclosure sale, which will result in the ultimate transfer of title. CitiMortgage, Inc. may proceed with the foreclosure sale at the earliest date available.

Except as to the changes described herein, all terms of the original agreement are still in full force and effect and are incorporated by reference.

BORROWER:

Dated: 11/16, 2015

LEN GALITZKY A/K/A LEN GALE

LGC LLC, a Florida limited liability company, Trustee of the LAND TRUST 818 dated June 8, 2004

By: Len Gale, Managing Member

Dated: Nov 5th, 2015

CITIMORTGAGE, INC.

By: Francesca K. Shamel
Title: Assistant Vice President