***CIRCUIT COURT FOR MANATEE COUNTY, FLORIDA***

LEN GALE,

Plaintiff,

vs. Case No.:

CITIMORTGAGE, INC.,

Defendant.
_______________________/

***COMPLAINT***

Plaintiff, LEN GALE ("Gale"), sues the Defendant, CITIMORTGAGE, INC., and alleges:

1. This is an action for damages that exceed $15,000.00, but not $75,000.00, exclusive of attorney fees and costs.

2. At all times material to this action, the Plaintiff was a resident of Manatee County, Florida.

3. The unlawful, tortuous communications and statutory violations of the Defendant, which give rise to this cause of action, occurred in Manatee County, Florida.

4. At all times material to this action Defendant, a foreign limited liability company, conducted business in this State to collect debt from Plaintiff and committed statutory violations in this State, and is otherwise engaged in its usual and customary business and maintained agents for the transaction of its usual and customary business in Florida. Defendant qualifies as a person under Florida Statute Chapter §559.72.

5. Plaintiff had an account with CITIMORTGAGE, INC.; said account was identified by an account number ending in 165-8 (herein after "account").

6. The Plaintiff's financial obligation to pay the debt associated with the account is considered a consumer debt, as per F.S. 559.55(1), as the residential loan was an obligation or alleged obligation of a consumer to pay money arising out of transactions that are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment.

7. Since the Plaintiff was obligated to pay the aforementioned loan, Plaintiff qualifies as a natural person obligated or allegedly obligated to pay any debt and is in compliance with F.S. 559.55(2).

8. At all material times, Defendant acted as a debt collector, in an effort to collect the alleged debt owed or allegedly owed by the Plaintiff.

9. In August of 2015 Mr. Gale hired the Law Office of Gregg Martin Horowitz, P.A. to negotiate a settlement agreement with CitiMortgage, Inc., regarding the aforementioned loan.

10. On August 11, 2015 the undersigned counsel entered an Amended Notice of Appearance on behalf of Mr. Gale in CitiMortgage's foreclosure action against the residential property securing the aforementioned loan in Manatee County,

Florida (case 2009CA12947). A true copy of the Amended Notice of Appearance is attached.

11. The Amended Notice of Appearance placed CitiMortgage on notice to "cease and desist any and all further contact regarding this matter, to include but not limited to phone contact, written letters or any other means of contact whatsoever. All inquiries into this matter must be directed to this office only".

12. The Amended Notice of Appearance further advised CitiMortgage that Mr. Gale would be seeking all damages pursuant to Florida Statutes and federal law if any further direct contact with Mr. Gale were made.

13. On September 28, 2015 a Settlement Agreement and Release of Claims ("Settlement Agreement"), negotiated by the parties' and their counsel, was executed by the parties. A true copy of the Settlement Agreement is attached. Among other things, the parties agreed to extend the foreclosure sale of the property for 120 days to February 16, 2016.

14. Plaintiff has attached a copy of the Settlement Agreement, as it is reasonably necessary to conduct this litigation, as it arises out of and concerns the Agreement.

15. Despite being on notice of counsel's representation and despite the fact that the parties entered into a full and final accord and satisfaction and release of each matter in connection

with those matters set forth in the Settlement Agreement, including the debt and any deficiency, Defendant has engaged in conduct in violation of numerous consumer protection laws, constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on dozens of occasions regarding the released debt.

16. Defendant implemented its unlawful collection conduct by initiating calls to Plaintiff's residential telephone number (941) 778-4495, dozens of times, and with such frequency as can reasonably be expected to harass, in an effort to collect the above referenced released debt.

17. Defendant has a corporate policy of using an automatic telephone dialing system using an artificial or prerecorded voice, just as it did when it called Plaintiff's residential telephone number.

18. Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

19. Defendant's corporate policy is structured to continue to call individuals like Plaintiff, despite these individuals explaining to the Defendant that they had retained legal counsel with respect to such debts.

20. Defendant's corporate policy provides no means for the Plaintiff to have his aforementioned telephone number removed from the call list.

21. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing or through retention of legal counsel.

22. Defendant followed its corporate policies when attempting to communicate with the Plaintiff in connection with the released debt at issue.

23. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the Country, similar to those alleged in this action by Plaintiff.

24. Defendant should be in possession or control over call logs, account notes, auto-dialer reports and/or other records that detail the exact number of calls made to Plaintiff's residential telephone number as well as all written communications sent.

25. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment, and mental suffering, pain, anguish, and loss of capacity to enjoy life, and are continuing as of the filing of this complaint.

26. All conditions precedent to the filing of this action have been performed or are excused.

27. Plaintiff has been the object of collection activity by Defendant arising from the collection of consumer debts.

28. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

***COUNT I***
***Violation of Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA")***

29. Plaintiff brings this action to recover damages for acts on the part of the Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA").

30. Paragraphs 1 -28 are re-alleged.

31. Defendant has engaged in conduct in violation of the TCPA and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on dozens of occasions preceding the filing of this action.

32. Plaintiff is the "called party" with respect to the calls placed on his Manatee County residential phone number (941) 778-4495 that were made after the Settlement Agreement was executed.

33. At all material times, Defendant did transact business in Manatee County, Florida as a "debt collector", Defendant sought to collect purported debts from Plaintiff that arose from transactions incurred for personal, family or household purposes

and is therefore "consumer debt".

34. At all material times, Defendant was the servicer of the mortgage loan, which is the subject of the unlawful collection action activity described in this complaint.

35. Defendant employed business practices in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced mortgage loan released debt from Plaintiff.

36. Plaintiff is the regular user of the telephone number (941) 778-4495, and was the called party and recipient of Defendant's described calls.

37. Simultaneously with being engaged in negotiating a settlement agreement with Plaintiff's counsel, Defendant initiated its campaign of telephone collection calls directly to the Plaintiff on the aforementioned residential telephone number. Plaintiff seeks damages for all violations that occurred after the execution of the Settlement Agreement.

38. Calling Plaintiff's aforementioned residential telephone number from an automated telephone dialing system and leaving pre-recorded messages on Plaintiff's answering machine stating that the message was left in "an attempt to collect a debt".

39. Calling Plaintiff's aforementioned residential

telephone number from an automated telephone dialing system and hanging up either prior to or as soon as Plaintiff, or Plaintiff's answering machine or voice mail box answered the call.

40. Calling from different telephone numbers that displayed "CITI" on Plaintiff's caller ID.

41. To date, Plaintiff has placed dozens of phone calls to Plaintiff's residential phone number in an effort to collect the released debt at issue, and the calls continue through the date of filing of this Complaint.

42. The telephone calls at issue were placed by Defendant using an artificial or prerecorded voice, as specified in TCPA, 47 U.S.C. para.227 (b)(1)(B), while using an automated telephone dialing system ("ATDS") as specified in TCPA, 47 U.S.C., §227(a)(1), which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

43. Defendant initiated all of the calls at issue to Plaintiff's aforementioned residential telephone number without the "prior express consent" of Plaintiff, as specified in TCPA, 47 U.S.C., §227(b)(1)(B).

44. None of the telephone calls at issue were placed by Defendant to Plaintiff for emergency purposes.

45. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

46. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered statutory damages of $1,500.00 per violation, actual damages and attorney fees and costs.

***WHEREFORE***, Plaintiff, Len Gale, demands judgment against Defendant, CITIMORTGAGE, INC., for statutory damages, damages, costs, interest, attorney fees and such other relief as this court deems appropriate.

**COUNT II**
***Violation of Florida Consumer Collection Practices Act §559.72(18)***

47. Paragraphs 1 -28 are incorporated by reference.

48. At all material times, Defendant was aware that Plaintiff was being represented with regard to the debt by the undersigned attorney, as the undersigned was actively representing Plaintiff in negotiating settlement agreement between the parties at the time many of the calls were made.

49. Defendant engaged in numerous acts and/or omissions prohibited by 15 U.S.C. §1692(c)(a)(2) by communicating in connection with the collection of a debt when Defendant knew, or should have known, Plaintiff was represented by an attorney with regard to the purported debt.

50. When Defendant made its demands in writing and via telephone calls, and at the time of the violations, the Defendant had actual knowledge that Plaintiff was being represented by an attorney.

51. Despite being on notice that Plaintiff was being represented by an attorney, Defendant made dozens of communications directly to the Plaintiff for collection purposes.

52. Plaintiff by and through his attorneys, Gregg Martin Horowitz, P.A., placed Defendant on notice that plaintiff was represented by counsel with respect to the debt.

53. During the time of the collection attempts, and at the time of the violations, the Defendant had actual knowledge that Plaintiff was under retainer by the Law Offices of Gregg Martin Horowitz, P.A., despite this representation, the Defendant made telephone calls and made written demands to the Plaintiff in relation to the collection of the purported debt.

54. At no time did Plaintiff directly initiate any form of communication with the Defendant.

55. At no time did legal counsel for the Plaintiff fail to respond to any communication nor did legal counsel receive any communication from Defendant with respect to the debt.

56. Despite being on notice of counsel's representation, Defendant directly communicated with the plaintiff for the

purpose of collecting a debt. Defendant made dozens of telephone calls and written communications to the Plaintiff.

57. The Defendant had actual knowledge that the Plaintiff was represented by counsel and despite this actual knowledge persisted with unlawful, tortuous communications and statutory violations complained of herein.

58. Florida Statutes §559.72 sets forth in pertinent part:

"Prohibited Practices"
--In collecting consumer debts, no personal shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

59. The Defendant's telephone calls and written communications to the Plaintiff violated Florida Statute §559.72(18) as the Defendant had absolute knowledge that the Plaintiff was represented by an attorney.

60. Florida Statute provides for statutory damages of $1,000.00 for each violation and as the Defendant violated the aforementioned statute, Plaintiff is entitled to the statutory damages of $1,000 for each violation.

61. The Defendant willfully violated the following provisions of Florida Statute §559.72 in that Defendant communicated with the plaintiff about the debt knowing the consumer was represented by counsel, in violation of §559.72(18) Fla. Stat.

***WHEREFORE***, Plaintiff, Len Gale, demands judgment against Defendant, CITIMORTGAGE, INC., for statutory damages, damages, costs, interest, attorney fees and such other relief as this court deems appropriate.

***COUNT III***
***Violation of Florida Consumer Collection Practices Act §559.72(9)***

62. Paragraphs 1 -28 are incorporated by reference.

63. Defendant engaged in acts or omissions prohibited under Florida Statutes §559.72(9) by attempting to collect a debt that was not due.

64. Florida Statutes §559.72 sets forth in pertinent part:

"Prohibited Practices"

--In collecting consumer debts, no personal shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

65. When Defendant made its demands in writing and via telephone calls, and at the time of the violations, the Defendant had actual knowledge that the debt was released and

did not in fact exist.

66. Despite knowing that there were no debts due, Defendant made dozens of communications directly to the Plaintiff for collection purposes.

67. During the time of the collection attempts, and at the time of the violations, the Defendant had actual knowledge that the debts were not due, the Defendant made telephone calls and made written demands to the Plaintiff in relation to the collection of the released debt.

68. At no time did Plaintiff directly initiate any form of communication with the Defendant.

69. Despite being on notice that the debt was not due, Defendant directly communicated with the plaintiff for the purpose of collecting a released debt. Defendant made dozens of telephone calls and written communications to the Plaintiff.

70. The Defendant had actual knowledge that the debts were not due and despite this actual knowledge persisted with unlawful, tortuous communications and statutory violations complained of herein.

***A Jury Trial is requested on all issues of fact.***

***WHEREFORE***, Plaintiff, Len Gale, demands judgment against Defendant, CITIMORTAGE, INC., for statutory damages, damages, costs, interest, attorney fees and such other relief as this court deems appropriate.

Gregg M. Horowitz
P.O. Box 2927
Sarasota, Florida 34230
Florida Bar No. 0802867
(941) 365-2094
Attorney for the Plaintiff
gregg.horowitz@verizon.net